FILED '11 MAY 20 14:00 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ERIC THORTON VON HALL,

        Plaintiff,        Civil No. 10-542-HO

        v.                 ORDER

LANE COUNTY DEPUTY SHERIFF
DREW, et al.,

        Defendants.

HOGAN, District Judge.

    Plaintiff's Amended Complaint alleges that defendants violated his rights under the First, Eight Amendment and Fourteenth Amendments. Defendants now move for summary judgment (#24).

    The relevant facts are as follows: Due to plaintiff's threats to victims and staff, two Lane County deputies [the remaining defendants in this case] attended plaintiff's June 12, 2008, trial on criminal charges. In addition, the Honorable Charles M. Zennache instructed plaintiff on at least two occasions to refrain from communication with victims and public while present in court.

1 - ORDER

Despite Judge Zennache's instruction, during a court recess and while still at counsel table, plaintiff loudly addressed the victim of his criminal charges who was sitting behind plaintiff in the gallery of the courtroom. Despite an immediate warning from Deputy Drew not to do so, plaintiff attempted to stand from his chair and face the victim.

To maintain order and conform plaintiff's conduct to Judge Zennache's order, Deputy Drew put his hands on plaintiff to return him to his seated position by grabbing the back of plaintiff shirt collar. Plaintiff physically resisted and continued to loudly address the victim.

Defendants argue that they are entitled to judgment as a matter of law because plaintiff failed to exhaust his administrative remedies with respect to his claims and because plaintiff's claims fails as a factual matter.

The Prison Litigation Reform Act (PLRA) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S. C. § 1997e(a); Porter v. Nussle, 534U.S. 516, 531-32; Booth v. Churner, 532 U.S. 731 (2001). In the Ninth Circuit, inmates are required to exhaust all grievance remedies prior to filing a 1983 action, including appealing the grievance decision to the highest level within the grievance system. Bennet v. King, 293 F.3d 1096, 1098 (9th

2 - ORDER

Cir. 2002); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Attached to the Declaration of Greg Fox (#27) is the Inmate Information Manual that is given to each Lane County inmate detainee. The manual describes the inmate grievance process. Id. The Declaration of Randy Smith, Defendants' Concise Statement of Material Facts (#26) attachment 10, states that he has "made a through check of [Lane County] inmate files" and that there are "no records indicating that [plaintiff] filed any grievances while he was incarcerated" in the Lane County Jail from June 1, 2008 to November 11, 2008.

Although plaintiff alleges that he "filed" a grievance, he has not submitted any evidence that he did so or alleged that he completed the grievance process described in the Inmate Information Manual.

Plaintiff's unsupported allegation that he "filed" a grievance" is insufficient to created a material issue of fact and I find that plaintiff did not exhaust the grievance process as required by the PLRA.

If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Waytt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). However, in this case, for the reasons discussed below, I find that defendants are entitled to judgment as a matter of law and dismissal of plaintiff's claims with prejudice.

3 - ORDER

Plaintiff's First Claim for Relief alleges that defendant Drew's "excessive force violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment made applicable to the states through the 14th Amendment of the U.S. Constitution." Amended Complaint (#7) p. 2.

At the time of the incident giving rise to plaintiff's claims, plaintiff was a post-arraignment, pre-trial detainee. Therefore, his excessive force claim is properly analyzed under the Eighth Amendment. See, Henderson v. City and County of San Francisco, 2006 US Dist. Lexis 87262, 10-11 (2006).

To prevail on an Eighth Amendment claim for cruel and unusual punishment, plaintiff must prove that defendants alleged conduct "inflicted unnecessary and wanton pain and suffering," see, Rhoades v. Chapman, 452 U.S. 337 (1981); Farmer v. Brennan, 511 U.S. 825 (1994); Whitley v. Albers, 475 U.S. 312 (1986), Wilson v. Sieter, 501 U.S. 294 (1991).

When a custodial security measure is undertaken to resolve a disturbance that poses a risk to the safety of others, the question of whether the measure taken inflicted wanton pain and suffering turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, supra, quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973); see also, Hudson v. McMillian, 503 U.S. 1 (1992); Henderson, supra, citing Robbins v. Meechem, 60 F.3d 1436, 1441 (9th Cir. 1995).

4 - ORDER

In ruling on a motion for summary judgment, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain, summary judgment should be granted. Whitney v. Albers, supra, p. 322; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (summary judgment standard mirrors directed verdict standard).

Defendants exhibits establish that the incident giving rise to plaintiff's claims was a reasonable response to uncooperative defendant who disobeyed a valid court order and resisted efforts to control his unruly courtroom behavior.

Plaintiff's Amended Complaint alleges that Deputy Drew's conduct caused "serious physical injury" and "trauma to plaintiff's neck, difficulty breathing, red, swelling and pain." Resulting in "choking him out." Amended Complaint (#7) p. 3.

Plaintiff's description of the incident is controverted by the declarations of eyewitnesses that establish that plaintiff was restrained by the shirt collar for a period of approximately one minute and that there was no "choking," difficulty breathing, loss of consciousness, excessive force or or physical injury of any kind. See, Hasselman Declaration, p. 2-3; Osborne Declaration, p. 2-3; Mold Declaration, and

5 - ORDER

Redington Declaration - all submitted as attachments to Defendants Concise Statement of Material Facts (#26).

Although it is not necessarily dispositive, the absence of serious physical injury is relevant to an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1 (1992) Absent the most extraordinary circumstances, a plaintiff cannot prevail on a Eighth Amendment excessive force claim if his injury is *de minimus*. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); see also, Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Knight v. Caldwell, 970 F.2d 1430, 1432-33 (5th Cir. 1992) (no Eighth Amendment excessive force claim without physical injury).

Plaintiff did not request or receive any medical treatment for the alleged neck injuries he claims to have sustained as a result of the incident. See, Declaration of Barbara Williams (#29). Photographs taken shortly after the incident show that plaintiff sustained a minor abrasion as a result of Deputy Drew's action. See, Declaration of Jim Jagger, Exhibit A. This photograph shows a small red mark on plaintiff's neck and does not indicate any "swelling" or "deep lacerations." Plaintiff's "injury" is consistent with the amount of force described by the eyewitness declarations. The credible evidence of record establishes that deputy Drew used only enough force to prevent plaintiff from turning around in the courtroom and speaking to victim and I find that such force was not excessive but was reasonable and justified under

the circumstances.

Plaintiff's Second Claim for Relief alleges that defendants' "use of excessive force violated the plaintiff's 1st Amendment right to exercise free speech" because he "intended to raise an alibi defense, but due to being choked defendant remained quiet for fear of being physically reprimanded during his trial." Amended Complaint (#7) p. 3-4.

The record reflects shortly after the incident, plaintiff waived his right to remain silent and testified at length. Plaintiff's trial testimony fills 195 pages of reported trial transcript. <u>See</u> Declaration of Eileen Sterns (#30) and (#31). This hardly represents a chilled First Amendment right. Plaintiff has not offered any evidence in support of his claim that defendants' conduct prevented him from testifying at trial. Plaintiff's First Amendment claim fails as a matter of fact and law.

Plaintiff's Third Claim for Relief alleges that defendant Osborne conspired to violate his constitutional rights by "not reporting or stopping the actions of his subordinate" Deputy Drew. Amended Complaint (#7) p. 4.

As noted above, plaintiff's First and Eighth Amendment claims fail as a matter of law. Therefore the allegation that defendant Osborne's failure to stop or report the conduct is not actionable as a conspiracy to cover-up allegedly tortious conduct. Moreover the conduct complained of occurred in open court in front of numerous witnesses including plaintiff's own

7 - ORDER

attorney. Plaintiff's conspiracy claim is unsupported by any alleged facts or any conceivable legal theory and is frivolous.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary circumstances" justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. Brady v. Brown, 51 F.3d 810 (9th Cir. 1995).

To the extent that plaintiff's complaint can be construed as alleging supplemental state law claims, I find that it is appropriate to refrain from exercising federal jurisdiction over those claims.

There are no genuine issues of material fact remaining in this case and defendants are entitled to judgment as a matter of law as to plaintiff's federal claims. Defendants' Motion for Summary Judgment (#24) is allowed. Plaintiff's federal constitutional claims are denied and dismissed with prejudice. Any supplemental state law claims that may be alleged in

8 - ORDER

plaintiff's complaint are denied and dismissed without prejudice to plaintiff's right to pursue those claims in state court.

Defendants are allowed 30 days from the date of this order to file any evidence or argument in support of their counter-claim for attorney fees, expert witness fees, costs and expenses.

IT IS SO ORDERED

DATED this 20th day of May, 2011.

Michael R. Hogan
United State District Judge